## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:18-cv-01201

ROSIE TAYLOR; MARK GIBSON; PAMELA
OWENS; EDDIE COOK; LOU PEPPER;
MARGARET GREENE; LINDA WINSTON;
RYAN IGOU; KAYLA CASANOVA;
BENJAMIN FRAHM, individually and as parent
and natural guardian of E.F., minor child; LISA
WILSON; EMMA TORRES; MARILYNN
JOHNSON; SHANNA MABIE, individually
and as parent and natural guardian of C.J., H.M.,
B.M., C.M., and X.M., minor child; TRENTEN
WERNER; JEFFERY EXLINE; DANIELLE
MAESTAS, individually and as parent and
natural guardian of R.M., minor child; TINA
RICHTER; CHRISTOPHER MALMQUIST;
NICOLE MILLER; MARTIN R. MENDEZ,
individually and as parent and natural guardian
of S.M., minor child; SHANNON VACHON;
PATRICIA CONMY; JOSEPH EDMUNDSON;
DENNIS CRAVEN; JESSICA OPPS,
individually and as parent and natural guardian
of E.O., minor child; GRETEL HARRISON;
FLORENCE PARADISE; JACOB WICKHAM;
PATRICIA WICKHAM; KIMBERLY
BURKETT; JAMES LARGENT; TERRI
DARLING; JAMES WADKOWSKI; RONNIE
BARTLETT; THERESA DALE; ROBERT
DALE; STANLEY HRBAC; MITCHELL
HRBAC; CASAUNDRA HRBAC; KRYSTAL
HRBAC; ANDREW MARKADAKIS; KEVIN
HUMPHREY; PATRICIA HUMPHREY;
KENNETH FISH; DAVID VAUGHN, SR.;
JUANITA JONES-VAUGHN; ANDREW
KING; RAE DEFOOR; JANICE BODHOLDT;
REBECCA BERWICK; ANGELA C.
BEUERLE, individually and as parent and

natural guardian of A.B., minor child;
MATHEW PANOZZO; KAYNE FEVIG;
KRISTY HANSCOM; TREVALA JARA;
TOMMY JARA; SUZANNE ARNOLD;
STELLA KOLOZY; DANIELA KRAUSE;
BEATRICE HERBRANDSON; WILLIAM
HARVEY; JOANNE HARVEY; WILLIAM
LOHMAN; THOMAS TOWLES; AYUMI
TOWLES; TERRY DAVIS; JUANITA DAVIS;
KENDRA SAMBRANA; MARCUS OLLIE;
LATRINA OLLIE; LANDON FLINDERS;
JARRETT FLINDERS; KADEN MARTIN;
MARK FLINDERS; DANA FLINDERS;
TIFFANY NEAL; RENITA WILLIAMS,
individually and as parent and natural guardian
of A.W., D.W., and K.W., minor children;
KRISTINA LIPSKY; DANIEL LIPSKY;
MAUREEN TUNNELL; TIMOTHY
TUNNELL; REGINA CHAMBERS,
individually and as parent and natural guardian
of M.C., Z.C., and D.C., minor children; IVAN
CHAMBERS; LATASHA CORMIER;
MICKEY GOODEN; ERIN EVANS,
individually and as parent and natural guardian
of S.E., A.E., D.E., and M.E., minor children;
JOSEPH EVANS; MARIE ELTAGONDE;
ANDREW HASSLER; MIGDALIA
MALDONADO; MIGUEL MALDONADO;
LOUIS HOFMANN; LINDA HOFMANN;
JEANETTE HERRING; SCOTT HERRING;
NICHOLAS KRAUSE, individually and as
parent and natural guardian of H.K. and M.T.,
minor children;; ELAINE SANDY; STEPHEN
SANDY; KAYDE BAKER; TOMIKA JONES;
JOHNNY SKALLA; JANA TORRES;
BRIANNA ROBERTSON; BELINDA DAVIS;
RANDALL COFF; SYLVANA KENEBREW;
CLYDE KENEBREW; KELVIN THOMAS,
individually and as parent and natural guardian
of K.T., minor child; ELIZABETH JOHNSON;

MICHAEL BARROWS; VANNESSA
CALICA; ANNIE BANKS; MARK
STREMPKE; CYNTHIA STREMPKE;
SHELBY L. MCCLAIN, individually and as
parent and natural guardian of J.M., minor child
; JULIE DIAMOND; RICKEY ALLEN LONG;
DEBRA LONG; PAULINE LONG; NANCY
WALLER; ELIZABETH WEISSHAAR;
ROBERTA VERANO; TRACY STEVENSON;
INGEBURG REINHARD; STACY SINISCHO;
KRISTINE RODRIGUEZ; JUSTIN WEAVER;
ALEXA SANDERS; COTY BEST; MARLA
BEST; DONALD BEST; DIANN RIEGER;
AMBER ROBERSON; JAQUELINE PENA
HOLGUIN; BRIAN KESSLER; PAUL
KAISER; MISTY PHILLIPS; PAMELA
GORING; FRANK GORING; LUVIE
MACIEL; FRANCISCO MACIEL;
ELIZABETH HUTCHINS; ALAN HUTCHINS;
NANETT HEALEY; TIM WATERS; JOHNIE
BARTLETT; MALACHY CORTEZ; DOTTIE
CORTEZ; DEBBIE CORTEZ; LARRY
FRUGE; MARIA FRUGE; TOCARRA
LASTER; SHELBIE NORWOOD; JULIE
NORWOOD; PAMELA BISHOP; ALVIN
HANCOCK; JUNE MILLER; SANDY
TRAMAGLINO; JIM MONTOYA; ARIEL
BOYD; LARRY THIRSK; RYAN KILE;
CHRIS MILLER; MICHELLE COOK; JAMES
COOK; MICKEY PAONE; ANGELA PENN;
CHELSY COLE; WILLIAM RAMSEY;
GLORIA RAMSEY; SHALICE STEFFY,
individually and as parent and natural guardian
of A.Y., minor child; SHALICE STEFFY;
KENNETH STEFFY; LEON CLARK; and
JENNIFER CLARK;

*Plaintiffs*,

v.

THE 3M COMPANY, f/k/a Minnesota Mining
and Manufacturing, Co.; TYCO FIRE
PRODUCTS, L.P., successor in interest to THE
ANSUL COMPANY; BUCKEYE FIRE
EQUIPMENT CO.; CHEMGUARD;
NATIONAL FOAM, INC.; KIDDE FIRE
FIGHTING, INC., f/k/a CHUBB NATIONAL
FOAM, INC., f/k/a NATIONAL FOAM, INC.,
individually and as successor in interest to
NATIONAL FOAM, INC.; KIDDE PLC, INC.,
f/k/a WILLIAMS US INC., f/k/a WILLIAMS
HOLDINGS, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.; KIDDE-FENWAL, INC., individually and
as successor in interest to NATIONAL FOAM,
INC.; and UTC FIRE & SECURITY
AMERICAS CORPORATION, INC., f/k/a GE
INTERLOGIX, INC., individually and as
successor in interest to NATIONAL FOAM,
INC.;

*Defendants.*

## FIRST AMENDED COMPLAINT AND JURY DEMAND

Plaintiffs, by and through their undersigned counsel, hereby file this First Amended

Complaint and Jury Demand ("Complaint") against Defendants, THE 3M COMPANY, f/k/a

Minnesota Mining and Manufacturing, Co.; TYCO FIRE PRODUCTS L.P.; successor in

interest to THE ANSUL COMPANY; BUCKEYE FIRE PROTECTION CO.; CHEMGAURD;

NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOA,

INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC.,

individually and as a successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL,

INC., individually and as a successor in interest to NATIONAL FOAM, INC.; and UTC FIRE

& SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.;

(collectively "Defendants"). Plaintiffs assert personal injury and/or property damage as a result

of the contamination of the drinking water supply serving the Cities of Security, Widefield, and parts of Colorado Springs, and complain and allege on personal knowledge as to themselves, and on information and belief as to all other matters, as follows:

## **INTRODUCTION**

1.  The communities of Fountain, Security, Widefield, parts of Colorado Springs (collectively the "Communities") are all located in El Paso County, Colorado. This complaint is a related action to *Bell, et al., v. The 3M Company, et al.*, 16-cv-2351-RBJ.

2.  The Communities are located in close proximity to and downgradient of Peterson Air Force Base and the Colorado Springs Municipal Airport, which share one property.

3.  The United States Air Force ("USAF") provided firefighting services to the Colorado Springs Municipal Airport, owned by the City of Colorado Springs through a joint use agreement. For purposes of this Complaint, the property of Peterson Air Force Base shall include the property of the Colorado Springs Municipal Airport and shall collectively be referred to as "PAFB."

4.  Residents of the Communities receive their potable water either from private wells or from their municipal water provider.

5.  The Communities receive municipal drinking water from the City of Fountain Utilities Department, the Security Water and Sanitation District, and the Widefield Water and Sanitation District.

6.  The Security Water and Sanitation District provides drinking water to approximately 19,000 residential and business customers.

7.  The City of Fountain Utilities Department provides drinking water to approximately 29,000 residential and business customers.

8.     The Widefield Water and Sanitation District provides drinking water to approximately 16,000 residential and business customers.

9.     On May 2, 2012, the United States Environmental Protection Agency ("USEPA") published its Third Unregulated Contaminant Monitoring Rule ("UCMR3"), requiring public water systems nationwide to monitor for thirty (30) contaminants of concern between 2013 and 2015.

10.     As part of the UCMR3, public water systems are required to sample for six perfluorinated compounds ("PFCs"), including perfluorooctanoic acid ("PFOA") and perfluorooctane sulfonate ("PFOS").

11.     In October 2015, the USEPA released results from UCMR3 that indicated the Communities' water supplies were contaminated with PFOA and PFOS.

12.     Prior to the disclosure of the UCMR3 data, there was no notification to the residents of the Communities that the water was contaminated with PFOA and PFOS.

13.     In May 2016, the USEPA established a drinking water health advisory level for PFOA and PFOS and warned that lifetime exposure to PFOA and PFOS over 70 parts per trillion ("ppt") was linked to the development of numerous serious medical conditions.

14.     In response to the USEPA's establishment of the 70 ppt health advisory level, the Communities' municipal water providers notified the residents in the Communities of the contamination and took action to reduce the PFOA and PFOS levels in the drinking water, including shutting down wells, obtaining and/or purchasing alternative sources of water, and blending clean water with the contaminated water to lower the PFC level in their customers' water.

15.     It was in this same month that Plaintiffs were first made aware that their drinking water was contaminated with PFCs at hazardous levels and were advised to seek alternate drinking water supplies.

16.     Among the 63 areas nationwide where the USEPA found PFOA and PFOS exceeding the 70 ppt limit, federal data shows that the Communities exhibit some of the highest levels of contamination.[1]

17.     By this time, local newspapers were reporting that federal data showed that the water in all 32 of the Security Water and Sanitation District's municipal wells exhibited PFC contamination at levels exceeding the EPA health advisory limit of 70 ppt. At one well, PFC concentration reached 1,370 ppt, nearly 20 times in excess of the EPA health advisory.[2]

18.     EPA officials recommended that pregnant women and small children should not drink local water serving the Communities.[3]

19.     Subsequent investigations into the contamination were carried out by the United States Army Corps of Engineers on behalf of the USAF and the Colorado Department of Public Health & Environment ("CDPHE") and have uncovered widespread PFC contamination of the groundwater resources for the Communities.[4]

---

[1] Bruce Finley, *Drinking water in three Colorado cities contaminated with toxic chemicals above EPA limits*, DENVER POST, (June 15, 2016 4:08 PM), http://www.denverpost.com/2016/06/15/colorado-widefield-fountain-security-water-chemicals-toxic-epa/.

[2] *Id.*

[3] *Id*.

[4] Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base El Paso County, Colorado, U.S. Army Corps of Engineers (November 2016), http://www.peterson.af.mil/Portals/15/documents/Public%20Notices/552503_Revised%20Final%20Peterson%20AFB%20PA_11_2016.pdf?ver=2017-05-16-162140-693.

20.     These investigations also concluded that the basis for this widespread contamination of the Communities' ground water is decades of use, storage, and disposal of aqueous film-forming foam ("AFFF") at PAFB that contained PFOA and PFOS.

21.     The CDPHE horizontally delineated the PFC plumes, designating these plumes as "Areas of Investigation" ("CDPHE Areas of Investigation").

22.     Defendants manufactured, sold, and distributed AFFF to PAFB despite their awareness that the inclusion of PFOA and PFOS in AFFF presented an unreasonable risk to human health and the environment and was inherently dangerous.

23.     The Defendants also knew that both PFOA and PFOS were highly soluble and mobile in water, highly likely to contaminate water supplies, highly persistent in the environment, and known to bio-accumulate in humans and contribute to the development of numerous serious health conditions, especially for sensitive receptors such as young children and pregnant and nursing women.

24.     The Defendants marketed and sold their products with knowledge that the USAF and PAFB would use large quantities of AFFF containing PFOA and PFOS in training operations and in emergency fire-fighting situations in such a manner that PFOA and PFOS would contaminate the air, soil, and groundwater.

25.     The Defendants marketed and sold their products with knowledge that large quantities of AFFF containing PFOA and PFOS would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the air, soil, and groundwater.

26.     The Defendants failed in their duty to manufacture a product that would not cause widespread harm and in their duty to warn the United States Department of Defense ("DOD"), the USAF, PAFB, the municipal water providers, and the residents in the surrounding Communities of the inherently dangerous properties of their AFFF products.

27.     There are over 64,000 residents of the Communities who were exposed to PFOA and PFOS contaminated drinking water from the City of Fountain, the Security Water and Sanitation District, the Widefield Water and Sanitation District, and private wells, all of which obtain groundwater from the CDPHE Areas of Investigation.

28.     The Plaintiffs in this complaint are all residents of the cities of Security, Widefield, and of Colorado Springs, Colorado who, upon information and belief, were so exposed and/or own properties that were so exposed.

## Health Effects of PFOS and PFOA Exposure

29.     Many parties have studied PFOA and PFOS and have concluded that exposure to PFOA and PFOS is associated with the development of numerous serious medical conditions.

30.     PFOA, sometimes identified as C8 due to the common presence of eight carbons in the PFOA molecule, was the subject of a study formed out of a class action settlement arising out of water contamination from DuPont's Washington Works located in Wood County, West Virginia.

31.     The C8 Science Panel consisted of three epidemiologists specifically tasked with determining whether there was a link between PFOA exposure and human diseases.

32.     In 2012, the Panel found probable links between PFOA and kidney cancer, testicular cancer, ulcerative colitis, thyroid disease, pregnancy induced hypertension (including preeclampsia), and hypercholesterolemia.

33.     In May 2015, based on concerns about the production and release of PFOA into the environment, scientists and other professionals from a variety of disciplines issued the "Madrid Statement on Poly- and Perfluoroalkyl Substances (PFASs)," a policy statement calling for greater regulation, restrictions, and limits on the manufacture and handling of any PFOA containing product, as well as the development of safe, non-fluorinated alternatives to these products to avoid long-term harm to human health and the environment.

34.     In May 2016, the USEPA issued Lifetime Health Advisories advising against lifetime PFOA and PFOS exposure above 70 ppt.

35.     The USEPA's 70 ppt limit is designed to protect the population at large from exposure to harmful concentrations of PFOA and PFOS in drinking water above which adverse health effects are anticipated to occur.

36.     According to the USEPA Lifetime Health Advisory, the non-cancer adverse health effects observed following exposure to PFOS are the same as those observed with PFOA.

37.     Many states, however, have issued lower regulatory limits. For example, Vermont has set a combined level of 20 ppt for PFOA and PFOS and New Jersey has set a maximum contaminant level of 14 ppt for PFOA.

38.     On November 10, 2017, California listed PFOA and PFOS as chemicals known to the state to cause reproductive toxicity, pursuant to Proposition 65, The Safe Drinking Water and Toxic Enforcement Act of 1986.

39.     Colorado currently follows the USEPA Lifetime Health Advisory level of 70 ppt for combined lifetime exposure to PFOA and PFOS.

40.     The CDPHE has acknowledged that the link between PFOA and PFOS exposure and developmental effects has been strengthening, including low birth weight and accelerated

puberty. It has also acknowledged that some human studies show that increased exposure may increase the risk for changes in blood cholesterol, liver enzymes, and uric acid levels, which may be linked with an elevated risk of heart disease, liver disease or high blood pressure.[5]

## PLAINTIFFS' EXPOSURE AND DAMAGES

41.     Years of ingestion and dermal absorption of contaminated water from the Fountain, Security, and Widefield water districts have exposed unknowing residents of the Communities to PFCs at concentrations hazardous to their health.

42.     Plaintiffs have been injured as a result of receiving water with elevated levels of PFCs, including PFOA and PFOS.

43.     Plaintiffs have suffered exposure, bioaccumulation of PFCs in their blood, personal injury and, in the cases of adult Plaintiffs, property damage due to PFC contamination of the municipal and private water supplies caused by Defendants' manufacture, distribution, and sale of AFFF.

44.     The properties of the Plaintiffs have been damaged due to the presence of PFCs in their homes, soil, surrounding property, and potable water supply.

45.     Plaintiffs seek recovery from all Defendants for injuries, damages, and losses suffered by the Plaintiffs, each of whom suffered property damage and/or injuries as a direct and proximate result of exposure to and consumption of PFC-contaminated water from the municipal and private drinking water supplies, in an amount to be determined at trial, exclusive of interest, costs, and attorneys' fees.

## JURISDICTION AND VENUE

46.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 (a)(1) in that this action is between citizens of different States.

---

[5] https://www.colorado.gov/pacific/cdphe/PFCs/health/advisory. (Last visited 4/11/18).

47.     This Court has jurisdiction over Defendants pursuant to C.R.S.§ 13-1-124.

48.     "Pursuant to 28 U.S.C. § 1332, a federal district court possesses original subject matter jurisdiction over a case when the parties are diverse in citizenship and the amount in controversy exceeds $75,000.00. *See Johnson v. Rodrigues*, 226 F.3d 1103, 1107 (10th Cir. 2000). The value of the case exceeds the jurisdictional threshold value of $75,000.00, exclusive of all interest and costs, taking into account the nature and extent of the injuries and damages sustained by each individual Plaintiff, and the reasonable economic and non-economic injuries and damages sustained by each individual Plaintiff."

49.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims asserted herein occurred in the District of Colorado and caused harm to Plaintiffs, all of whom reside in this District.

## PARTIES

50.     Plaintiff Rosie Taylor currently owns and resides at 273 Corliss Street, Security, CO 80911. As a result of Rosie Taylor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rosie Taylor has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

51.     Plaintiff Mark Gibson currently owns and resides at 275 Pointer Pl, Colorado Springs, CO 80911. As a result of Mark Gibson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Gibson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

52.     Plaintiff Pamela Owens currently owns and resides at 277 Turf Trail Pl., Fountain, CO 80817. As a result of Pamela Owens's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Pamela Owens has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

53.     Plaintiff Lou Pepper currently resides at 2840 S. Circle Dr. #208, Colorado Springs, CO 80906. As a result of Lou Pepper's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Lou Pepper has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

54.     Plaintiff Margaret Greene currently resides at 2840 South Circle Dr Lot 208, Colorado Springs, CO 80906. As a result of Margaret Greene's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Margaret Greene has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

55.     Plaintiff Linda Winston currently resides at 2840 South Circle Drive Lot 208, Colorado Springs, CO 80906. As a result of Linda Winston's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Winston has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

56.     Plaintiff Ryan Igou currently resides at 2900 Sherman Avenue Lot A, Monte Vista, CO 81144. As a result of Ryan Igou's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ryan Igou has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

57.     Plaintiff Kayla Casanova currently resides at 2910 Sage St Apt 49 1323 Prado Dr Fountain 80817, Colorado springs, CO 80907. As a result of Kayla Casanova's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kayla Casanova has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis.

58.     Plaintiff Benjamin Frahm, individually and as parent and natural guardian of E.F., currently owns and resides at 295 Lanfare Place, Colorado Springs, CO 80911 with minor child E.F. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Benjamin Frahm and E.F. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

59.     Plaintiff Emma Torres currently resides at 3 Jemez Lane, Fountain, CO 80817. As a result of Emma Torres's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Emma Torres has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

60.     Plaintiff Marilyn Johnson currently resides at 303 Cielo Vista St, Colorado Springs, CO 80911. As a result of Marilyn Johnson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marilyn Johnson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

61.     Plaintiff Shanna Mabie, individually and as parent and natural guardian of C.J., currently owns and resides at 303 Cielo Vista St, Colorado Springs, CO 80911 with minor child C.J. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shanna Mabie and C.J. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Shanna Mabie has been diagnosed with Ulcerative Colitis.

62.     Plaintiff Shanna Mabie, individually and as parent and natural guardian of H.M., currently owns and resides at 303 Cielo Vista St, Colorado Springs, CO 80911 with minor child H.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shanna Mabie and H.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Shanna Mabie has been diagnosed with Ulcerative Colitis.

63. Plaintiff Shanna Mabie, individually and as parent and natural guardian of B.M., currently owns and resides at 303 Cielo Vista St., Colorado Springs, CO 80911 with minor child B.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shanna Mabie and B.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Shanna Mabie has been diagnosed with Ulcerative Colitis.

64. Plaintiff Shanna Mabie, individually and as parent and natural guardian of C.M., currently resides at 303 Cielo Vista St., Colorado Springs, CO 80911 with minor child C.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shanna Mabie and C.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Shanna Mabie has been diagnosed with Ulcerative Colitis.

65. Plaintiff Shanna Mabie, individually and as parent and natural guardian of X.M., currently owns and resides at 303 Cielo Vista Street, Colorado Springs, CO 80911. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shanna Mabie and X.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

66. Plaintiff Trenten Werner currently resides at 306 Lyckman Place, Fountain, CO 80817. As a result of Trenten Werner's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Trenten Werner has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

67. Plaintiff Jeffery Exline currently resides at 306 Lyckman Place, Fountain, CO 80817. As a result of Jeffery Exline's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeffery Exline has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

68.     Plaintiff Tina Richter currently resides at 308 W Ramona Avenue #13, Colorado Springs, CO 80905. As a result of Tina Richter's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tina Richter has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Kidney Cancer; Thyroid Problems.

69.     Plaintiff Christopher Malmquist currently resides at 310 North Murray Boulevard Apt 105, Colorado Springs, CO 80916. As a result of Christopher Malmquist's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Christopher Malmquist has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

70.     Plaintiff Nicole Miller currently resides at 3100 Wood Avenue, Colorado Springs, CO 80907. As a result of Nicole Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicole Miller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

71.     Plaintiff Martin R. Mendez, individually and as parent and natural guardian of S.M., currently resides at 3115 Glenarm Lot #3, Colorado Springs, CO 80911 with minor child S.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Martin R. Mendez and S.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

72.     Plaintiff Shannon Vachon currently resides at 3115 Glenarm Road Lot 3, Colorado Springs, CO 80911. As a result of Shannon Vachon's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shannon Vachon has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

73.     Plaintiff Patricia Conmy currently resides at 3115 Woodland Hills Drive apt 711, Colorado Springs, CO 80918. As a result of Patricia Conmy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Conmy has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

74.     Plaintiff Joseph Edmundson currently owns and resides at 3119 Grinell St., Colorado Springs, CO 80911. As a result of Joseph Edmundson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Edmundson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

75.     Plaintiff Dennis Craven currently owns and resides at 312 Pecos Drive, Colorado Springs, CO 80911. As a result of Dennis Craven's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dennis Craven has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

76.     Plaintiff Jessica Opps, individually and as parent and natural guardian of E.O., currently resides at 312 West Alabama Ave. Apartment 204, Fountain, CO 80817 with the minor child E.O. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jessica Opps and E.O. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Jessica Opps has been diagnosed with High Cholesterol.

77.     Plaintiff Gretel Harrison currently owns and resides at 315 Dexter Street, Colorado Springs, CO 80911. As a result of Gretel Harrison's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gretel Harrison has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Kidney Cancer; Thyroid Problems.

78.     Plaintiff Florence Paradise currently resides at 316 North Main Street, Fountain, CO 80817. As a result of Florence Paradise's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Florence Paradise has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

79.     Plaintiff Jacob Wickham currently resides at 319 West Ohio Apt 25, Fountain, CO 80817. As a result of Jacob Wickham's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jacob Wickham has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

80.     Plaintiff Patricia Wickham currently resides at 319 West Ohio, Fountain, CO 80817. As a result of Patricia Wickham's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Wickham has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

81.     Plaintiff Kimberly Burkett currently resides at 319 West Ohio Avenue Lot 33, Fountain, CO 80817. As a result of Kimberly Burkett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kimberly Burkett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

82.     Plaintiff Terri Darling currently owns and resides at 32 Willis Dr, Colorado Springs, CO 80911. As a result of Terri Darling's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Terri Darling has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

83.     Plaintiff James Wadkowski currently owns and resides at 321 Walbrach Way, Fountain, CO 80817. As a result of James Wadkowski's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, James Wadkowski has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

84.     Plaintiff Ronnie Bartlett currently owns and resides at 324 Davie Drive, Security, CO 80911. As a result of Ronnie Bartlett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ronnie Bartlett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

85.     Plaintiff Theresa Dale currently owns and resides at 325 Davie Drive, Colorado Springs, CO 80911. As a result of Theresa Dale's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Theresa Dale has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

86.     Plaintiff Robert Dale currently owns and resides at 325 Davie Drive, Colorado Springs, CO 80911. As a result of Robert Dale's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Robert Dale has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

87.     Plaintiff Stanley Hrbac currently owns and resides at 325 Dix Cir., Colorado Springs, CO 80911. As a result of Stanley Hrbac's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stanley Hrbac has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

88.     Plaintiff Mitchell Hrbac currently resides at 325 Dix Circle, Colorado Springs, CO 80911. As a result of Mitchell Hrbac's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mitchell Hrbac has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

89. Plaintiff Casaundra Hrbac currently owns and resides at 325 Dix Circle, Colorado Springs, CO 80911. As a result of Casaundra Hrbac's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Casaundra Hrbac has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems.

90. Plaintiff Krystal Hrbac currently resides at 325 Dix Cricle, Colorado Springs, CO 80911. As a result of Krystal Hrbac's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Krystal Hrbac has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems.

91. Plaintiff Andrew Markadakis currently owns and resides at 330 Iris Drive, Fountain, CO 80817. As a result of Andrew Markadakis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrew Markadakis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

92. Plaintiff Kevin Humphrey currently resides at 3340 Bareback Drive, Colorado Springs, CO 80922. As a result of Kevin Humphrey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kevin Humphrey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

93. Plaintiff Patricia Humphrey currently owns and resides at 3340 Bareback Drive, Colorado Springs, CO 80922. As a result of Patricia Humphrey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Patricia Humphrey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

94. Plaintiff Kenneth Fish currently owns and resides at 3345 Brunswick Drive, Colorado Springs, CO 80920. As a result of Kenneth Fish's exposure to elevated levels of

PFOA, PFOS, and/or PFCs in the drinking water supply, Kenneth Fish has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

96. Plaintiff David Vaughn, Sr. currently resides at 3375 Glenarm Rd #8, Colorado Springs, CO 80911. As a result of David Vaughn, Sr.'s exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, David Vaughn, Sr. has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

96. Plaintiff Juanita Jones-Vaughn currently resides at 3375 Glenarm Rd #8, Colorado Springs, CO 80911. As a result of Juanita Jones-Vaughn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Juanita Jones-Vaughn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

97. Plaintiff Andrew King currently owns resides at 339 Iris Drive, Fountain, CO 80817. As a result of Andrew King's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrew King has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

98. Plaintiff Rae Defoor currently owns and resides at 34 Otowi Drive, Colorado Springs, CO 80911. As a result of Rae Defoor's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rae Defoor has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

99. Plaintiff Janice Bodholdt currently resides at 34 Taos Circle, Fountain, CO 80817. As a result of Janice Bodholdt's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Janice Bodholdt has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

100.     Plaintiff Rebecca Berwick currently resides at 3405 Sinton Road Lot 136, Colorado Springs, CO 80907. As a result of Rebecca Berwick's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rebecca Berwick has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

101.     Plaintiff Angela C. Beuerle, individually and as parent and natural guardian of A.B. and M.P. currently resides at 342 Cumming Ave, Fountain, CO 80817 with minor child A.B. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela C. Beuerle, A.B., and M.P. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

102.     Plaintiff Mathew Panozzo currently resides at 342 Cumming Ave., Fountain, CO 80817. As a result of Mathew Panozzo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mathew Panozzo has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

103.     Plaintiff Kayne Fevig currently owns and resides at 35 McBurney Blvd., Colorado Springs, CO 80911. As a result of Kayne Fevig's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kayne Fevig has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and was diagnosed with Ulcerative Colitis; Thyroid Problems; High Cholesterol.

104.     Plaintiff Kristy Hanscom currently owns and resides at 35 McBurney Blvd., Colorado Springs, CO 80911. As a result of Kristy Hanscom's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristy Hanscom has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems; Ulcerative Colitis.

105. Plaintiff Trevala Jara currently resides at 35 N Belmont St, Colorado Springs, CO 80911. As a result of Trevala Jara's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Trevala Jara has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and was diagnosed with High Cholesterol.

106. Plaintiff Tommy Jara currently resides at 35 N Belmont St, Colorado Springs, CO 80911. As a result of Tommy Jara's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tommy Jara has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

107. Plaintiff Suzanne Arnold currently owns and resides at 35 Watson Boulevard, Colorado Springs, CO 80911. As a result of Suzanne Arnold's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Suzanne Arnold has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

108. Plaintiff Stella Kolozy currently owns and resides at 350 Dix Circle, Colorado Springs, CO 80911. As a result of Stella Kolozy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stella Kolozy has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

109. Plaintiff Daniela Krause currently resides at 350 North Murray Boulevard Apt 208, Colorado Springs, CO 80916. As a result of Daniela Krause's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniela Krause has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

110. Plaintiff Beatrice Herbrandson currently owns and resides at 351 Fay Drive, Widefield, CO 80911. As a result of Beatrice Herbrandson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Beatrice Herbrandson has elevated

levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems and High Cholesterol.

111.    Plaintiff William Harvey currently owns and resides at 3540 Windmill Creek Way, Colorado Springs, CO 80911. As a result of William Harvey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Harvey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Kidney cancer; Ulcerative Colitis; Thyroid Problems.

112.    Plaintiff JoAnne Harvey currently owns and resides at 3540 Windmill Creek Way, Colorado Springs, CO 80911. As a result of JoAnne Harvey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, JoAnne Harvey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

113.    Plaintiff Thomas Towles currently owns and resides at 3575 La Mar Place, Colorado Springs, CO 80911. As a result of Thomas Towles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Thomas Towles has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Kidney Cancer; thyroid Disease, High Cholesterol.

114.    Plaintiff Ayumi Towles currently owns and resides at 3575 La Mar Place, Colorado Springs, CO 80911. As a result of Ayumi Towles's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ayumi Towles has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

115.    Plaintiff Terry Davis currently owns and resides at 3584 Tail Wind Drive, Colorado Springs, CO 80911. As a result of Terry Davis's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Terry Davis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

116. Plaintiff Juanita Davis currently owns and resides at 3584 Tail Wind Drive, Colorado Springs, CO 80911. As a result of Juanita Davis's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Juanita Davis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

117. Plaintiff Kendra Sambrana currently resides at 36 McBurney Blvd, Colorado Springs, CO 80911. As a result of Kendra Sambrana's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kendra Sambrana has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Thyroid Problems.

118. Plaintiff Marcus Ollie currently resides at 3609 Spitfire Drive, Colorado Springs, CO 80911. As a result of Marcus Ollie's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marcus Ollie has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

119. Plaintiff Latrina Ollie currently resides at 3609 Spitfire Drive, Colorado Springs, CO 80911. As a result of Latrina Ollie's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Latrina Ollie has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

120. Plaintiff Landon Flinders currently resides at 3620 Agate Cr, Colorado Springs, CO 80909. As a result of Landon Flinders's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Landon Flinders has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

121.     Plaintiff Jarrett Flinders currently resides at 3620 Agate Cr., Colorado Springs, CO 80909. As a result of Jarrett Flinders's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jarrett Flinders has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

122.     Plaintiff Kaden Martin currently resides at 3620 Agate Cr., Colorado Springs, CO 80909. As a result of Kaden Martin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kaden Martin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

123.     Plaintiff Mark Flinders currently resides at 3620 Agate Cr., Colorado Springs, CO 80909. As a result of Mark Flinders's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Flinders has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

124.     Plaintiff Dana Flinders currently resides at 3620 Agate Cr., Colorado Springs, CO 80909. As a result of Dana Flinders's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dana Flinders has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

125.     Plaintiff Tiffany Neal currently resides at 363 Inberness Parkway apt 6-105, Englewood, CO 80112. As a result of Tiffany Neal's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tiffany Neal has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

126.     Plaintiff Renita Williams, individually and as parent and natural guardian of A.W., currently owns and resides at 3643 Winter Sun Drive, Colorado Springs, CO 80925 with minor child A.W. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Renita Williams and A.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. Plaintiff Renita Williams, individually and as parent and natural guardian of D.W., currently owns and resides at 3643 Winter Sun Drive, Colorado Springs, CO 80925 with minor child D.W. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Renita Williams and D.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. Plaintiff Renita Williams, individually and as parent and natural guardian of K.W., currently owns and resides at 3643 Winter Sun Drive, Colorado Springs, CO 80925 with minor child K.W. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Renita Williams and K.W. have elevated levels of PFOA, PFOS, and/or PFCs in their blood. Plaintiff Kristina Lipsky currently resides at 3655 El Morro Lot 104, Colorado Springs, CO 80910. As a result of Kristina Lipsky's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristina Lipsky has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

127. Plaintiff Daniel Lipsky currently resides at 3655 El Morro Road 148, Colorado Springs, CO 80910. As a result of Daniel Lipsky's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Daniel Lipsky has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

128. Plaintiff Maureen Tunnell currently owns and resides at 3681 Desert Willow Lane, Colorado Springs, CO 80925. As a result of Maureen Tunnell's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maureen Tunnell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

129. Plaintiff Timothy Tunnell currently owns and resides at 3681 Desert Willow Lane, Colorado Springs, CO 80925. As a result of Timothy Tunnell's exposure to elevated levels

of PFOA, PFOS, and/or PFCs in the drinking water supply, Timothy Tunnell has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

130.     Plaintiff Regina Chambers, individually and as parent and natural guardian of M.C., currently resides at 37 Security Boulevard, Colorado Springs, CO 80911 with minor child M.C. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Regina Chambers and M.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

131.     Plaintiff Regina Chambers, individually and as parent and natural guardian of Z.C., currently resides at 37 Security Boulevard, Colorado Springs, CO 80911 with minor child Z.C. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Regina Chambers and Z.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

132.     Plaintiff Regina Chambers, individually and as parent and natural guardian of D.C., currently resides at 37 Security Boulevard, Colorado Springs, CO 80911 with minor child D.C. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Regina Chambers and D.C. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

133.     Plaintiff Ivan Chambers currently resides at 37 Security Boulevard, Colorado Springs, CO 80911. As a result of Ivan Chambers's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ivan Chambers has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

134.    Plaintiff Latasha Cormier currently resides at 370 Comache Village Drive Apt. 206, Fountain, CO 80817. As a result of Latasha Cormier's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Latasha Cormier has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

135.    Plaintiff Mickey Gooden currently resides at 3730 Hare Haven Way, Colorado Springs, CO 80930. As a result of Mickey Gooden's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mickey Gooden has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

136.    Plaintiff Erin Evans, individually and as parent and natural guardian of A.E., currently owns and resides at 375 Flynn Court, Colorado Springs, CO 80911 with minor child A.E. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erin Evans and A.E. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Erin Evans has been diagnosed with High Choesterol.

137.    Plaintiff Erin Evans, individually and as parent and natural guardian of S.E., currently owns and resides at 375 Flynn Ct, Colorado Springs, CO 80911 with minor child S.E. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erin Evans and S.E. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Erin Evans has been diagnosed with High Cholesterol.

138.    Plaintiff Erin Evans, individually and as parent and natural guardian of A.E., currently owns and resides at 375 Flynn Ct, Colorado Springs, CO 80911 with minor child A.E. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erin Evans and A.E. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Erin Evans has been diagnosed with High Cholesterol.

139.    Plaintiff Erin Evans, individually and as parent and natural guardian of D.E., currently owns and resides at 375 Flynn Ct, Colorado Springs, CO 80911 with minor child D.E. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erin Evans and D.E. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Erin Evans has been diagnosed with High Cholesterol.

140.    Plaintiff Erin Evans, individually and as parent and natural guardian of M.E., currently owns and resides at 375 Flynn Ct, Colorado Springs, CO 80911 with minor child M.E. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Erin Evans and M.E. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Erin Evans has been diagnosed with  High Cholesterol.

141.    Plaintiff Joseph Evans currently owns and resides at 375 Flynn Ct, Colorado Springs, CO 80911. As a result of Joseph Evans's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Joseph Evans has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

142.    Plaintiff Marie Eltagonde currently owns and resides at 3760 Tahoe Forrest Lane, Colorado Springs, CO 80925. As a result of Marie Eltagonde's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Marie Eltagonde has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems.

143.    Plaintiff Andrew Hassler currently resides at 377 West Buttercup Way, Pueblo West, CO 81007. As a result of Andrew Hassler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Andrew Hassler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

144. Plaintiff Migdalia Maldonado currently owns and resides at 380 Dix Circle, Colorado Springs, CO 80911. As a result of Migdalia Maldonado's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Migdalia Maldonado has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

145. Plaintiff Miguel Maldonado currently owns and resides at 380 Dix Circle, Colorado Springs, CO 80911. As a result of Miguel Maldonado's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Miguel Maldonado has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

146. Plaintiff Louis Hofmann currently owns and resides at 3809 Cresta Loma Place, Colorado Springs, CO 80911. As a result of Louis Hofmann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Louis Hofmann has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

147. Plaintiff Linda Hofmann currently owns and resides at 3809 Cresta Loma Place, Colorado Springs, CO 80911. As a result of Linda Hofmann's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Linda Hofmann has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

148. Plaintiff Jeanette Herring currently owns and resides at 3811 Anvil Dr, Colorado Springs, CO 80925. As a result of Jeanette Herring's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jeanette Herring has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

149. Plaintiff Scott Herring currently owns and resides at 3811 Anvil Dr, Colorado Springs, CO 80925. As a result of Scott Herring's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Scott Herring has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

150. Plaintiff Nicholas Krause, individually and as parent and natural guardian of H.K., currently resides at 3860 Patrick Drive #36, Colorado Springs, CO 80917 with minor child H.K. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicholas Krause and H.K. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Nicholas Krause has been diagnosed with High Cholesterol; Thyroid Problems.

151. Plaintiff Nicholas Krause, individually and as parent and natural guardian of M.T., currently resides at 3860 Patrick Drive #37, Colorado Springs, CO 80917 with minor child M.T. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nicholas Krause and M.T. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and Nicholas Krause has been diagnosed with High Cholesterol; Thyroid Problems.

152. Plaintiff Elaine Sandy currently owns and resides at 3872 Chia Dr, Colorado Springs, CO 80925. As a result of Elaine Sandy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elaine Sandy has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

153. Plaintiff Stephen Sandy currently owns and resides at 3872 Chia Dr, Colorado Springs, CO 80925. As a result of Stephen Sandy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stephen Sandy has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

154. Plaintiff Kayde Baker currently resides at 3872 Chia Drive, Colorado Springs, CO 80925. As a result of Kayde Baker's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kayde Baker has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

155. Plaintiff Tomika Jones currently resides at 3930 Patrick Drive, Colorado Springs, CO 80916. As a result of Tomika Jones's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tomika Jones has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

156. Plaintiff Johnny Skalla currently owns and resides at 3945 Charro Drive, Colorado Springs, CO 80911. As a result of Johnny Skalla's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Johnny Skalla has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

157. Plaintiff Jana Torres currently owns and resides at 3950 Cantrell Drive, Colorado Springs, CO 80911. As a result of Jana Torres's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jana Torres has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems.

158. Plaintiff Brianna Robertson currently resides at 4005 Sandberg Drive, Colorado Springs, CO 80911. As a result of Brianna Robertson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brianna Robertson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

159. Plaintiff Belinda Davis currently resides at 401 Calle Manazana, Fountain, CO 80817. As a result of Belinda Davis's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Belinda Davis has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

160. Plaintiff Randall Coff currently resides at 401 Mount View Lane, Fountain, CO 80817. As a result of Randall Coff's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Randall Coff has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

161. Plaintiff Sylvana Kenebrew currently owns and resides at 4010 Oberding Drive, Colorado Springs, CO 80911. As a result of Sylvana Kenebrew's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sylvana Kenebrew has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems.

162. Plaintiff Clyde Kenebrew currently owns and resides at 4010 Oberding Drive, Colorado Springs, CO 80911. As a result of Clyde Kenebrew's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Clyde Kenebrew has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

163. Plaintiff Kelvin Thomas, individually and as parent and natural guardian of K.T., currently resides at 4015 Manzana Court, Colorado Springs, CO 80911 with minor child K.T. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kelvin Thomas and K.T. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

164. Plaintiff Elizabeth Johnson currently resides at 4017 Sandberg Dr., Colorado Springs, CO 80911. As a result of Elizabeth Johnson's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Elizabeth Johnson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

165.    Plaintiff Michael Barrows currently resides at 402 De La Vista Street, Security, CO 80911. As a result of Michael Barrows's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michael Barrows has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

166.    Plaintiff Vannessa Calica currently owns and resides at 4020 Chenango Drive, Colorado Springs, CO 80911. As a result of Vannessa Calica's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Vannessa Calica has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

167.    Plaintiff Annie Banks currently resides at 4020 Chenango Drive, Security, CO 80911. As a result of Annie Banks's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Annie Banks has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

168.    Plaintiff Mark Strempke currently resides at 4025 Oberding Drive, Colorado Springs, CO 80911. As a result of Mark Strempke's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mark Strempke has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

169.    Plaintiff Cynthia Strempke currently owns and resides at 4025 Oberding Drive, Colorado Springs, CO 80911. As a result of Cynthia Strempke's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Cynthia Strempke has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems and High Cholesterol.

170.     Plaintiff Shelby L. McClain, individually and as parent and natural guardian of J.M., currently resides at 4027 Charleston Drive, Colorado Springs, CO 80916 with minor child J.M. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shelby L. McClain and J.M. have elevated levels of PFOA, PFOS, and/or PFCs in their blood.

171.     Plaintiff Julie Diamond currently resides at 4027 Shaeridan Avenue, Loveland, CO 80538. As a result of Julie Diamond's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julie Diamond has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

172.     Plaintiff Rickey Allen Long currently resides at 404 Marian Drive, Colorado Springs, CO 80911. As a result of Rickey Allen Long's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Rickey Allen Long has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

173.     Plaintiff Debra Long currently resides at 404 Marian Drive, Colorado Springs, CO 80911. As a result of Debra Long's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debra Long has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

174.     Plaintiff Pauline Long currently owns and resides at 404 Marian Drive, Colorado Springs, CO 80911. As a result of Pauline Long's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pauline Long has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thryoid Problems.

175.     Plaintiff Nancy Waller currently resides at 404 Rose Drive, Colorado Springs, CO 80911. As a result of Nancy Waller's exposure to elevated levels of PFOA, PFOS, and/or PFCs

in the drinking water supply, Nancy Waller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

176. Plaintiff Elizabeth Weisshaar currently owns and resides at 404 Shield Road, Fountain, CO 80817. As a result of Elizabeth Weisshaar's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Weisshaar has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

177. Plaintiff Roberta Verano currently owns and resides at 405 Chatfield Drive, Colorado Springs, CO 80911. As a result of Roberta Verano's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Roberta Verano has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

178. Plaintiff Tracy Stevenson currently resides at 405 Rose Drive, Security, CO 80911. As a result of Tracy Stevenson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tracy Stevenson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

179. Plaintiff Ingeburg Reinhard currently owns and resides at 4050 Chenango Drive, Colorado Springs, CO 80911. As a result of Ingeburg Reinhard's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ingeburg Reinhard has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems; High Cholesterol.

180. Plaintiff Stacy Sinischo currently owns and resides at 4050 Tapadero Drive, Colorado Springs, CO 80921. As a result of Stacy SInischo's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Stacy SInischo has elevated levels of

PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems; High Cholesterol.

181.    Plaintiff Kristine Rodriguez currently owns and resides at 406 Shield Road, Fountain, CO 80817. As a result of Kristine Rodriguez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Kristine Rodriguez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems; Thyroid Problems.

182.    Plaintiff Justin Weaver currently resides at 4060 Ironhorse Trail, Colorado Springs, CO 80917. As a result of Justin Weaver's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Justin Weaver has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Ulcerative Colitis.

183.    Plaintiff Alexa Sanders currently resides at 407 Niagara St, Colorado Springs, CO 80911. As a result of Alexa Sanders's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alexa Sanders has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

184.    Plaintiff Coty Best currently resides at 407 Niagara St, Colorado Springs, CO 80911. As a result of Coty Best's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Coty Best has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

185.    Plaintiff Marla Best currently resides at 407 Niagara St, Colorado Springs, CO 80911. As a result of Marla Best's exposure to elevated levels of PFOA, PFOS, and/or PFCs in

the drinking water supply, Marla Best has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

186. Plaintiff Donald Best currently resides at 407 Niagara St, Colorado Springs, CO 80911. As a result of Donald Best's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Donald Best has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

187. Plaintiff Diann Rieger currently owns and resides at 407 Niagara St, Colorado Springs, CO 80911. As a result of Diann Rieger's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Diann Rieger has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

188. Plaintiff Amber Roberson currently owns and resides at 407 Quebec St., Security, CO 80911. As a result of Amber Roberson's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Amber Roberson has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

189. Plaintiff Jaqueline Pena Holguin currently resides at 4070 Chenango Drive, Security, CO 80911. As a result of Jaqueline Pena Holguin's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jaqueline Pena Holguin has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

190. Plaintiff Brian Kessler currently owns and resides at 408 Arms Lane, Fountain, CO 80817. As a result of Brian Kessler's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Brian Kessler has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

191.    Plaintiff Paul Kaiser currently resides at 4080 Salt Cedar Road, Fountain, CO 80817. As a result of Paul Kaiser's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Paul Kaiser has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

192.    Plaintiff Misty Phillips currently resides at 409 Hadley Street, Fountain, CO 80817. As a result of Misty Phillips's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Misty Phillips has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

193.    Plaintiff Pamela Goring currently owns and resides at 41 Grand Ave, Manitou Springs, CO 80829. As a result of Pamela Goring's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pamela Goring has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

194.    Plaintiff Frank Goring currently owns and resides at 41 Grand Ave, Manitou Springs, CO 80829. As a result of Frank Goring's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Frank Goring has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

195.    Plaintiff Luvie Maciel currently owns and resides at 410 Chatfield, Colorado Springs, CO 80911. As a result of Luvie Maciel's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Luvie Maciel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

196.    Plaintiff Francisco Maciel currently owns and resides at 410 Chatfield, Colorado Springs, CO 80911. As a result of Francisco Maciel's exposure to elevated levels of PFOA,

PFOS, and/or PFCs in the drinking water supply, Francisco Maciel has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

197.    Plaintiff Elizabeth Hutchins currently owns and resides at 411 Fountain Mesa Road, Fountain, CO 80817. As a result of Elizabeth Hutchins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Elizabeth Hutchins has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol; Pregnancy Problems; Thyroid Problems.

198.    Plaintiff Alan Hutchins currently owns and resides at 411 Fountain Mesa Road, Fountain, CO 80817. As a result of Alan Hutchins's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alan Hutchins has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

199.    Plaintiff Nanett Healey currently resides at 411 Lakewood Circle Apt A 1101, Colorado Springs, CO 80910. As a result of Nanett Healey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Nanett Healey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

200.    Plaintiff Tim Waters currently resides at 411 South Santa Fe Avenue Apt 109, Fountain, CO 80817. As a result of Tim Waters's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Tim Waters has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

201.    Plaintiff Johnie Bartlett currently owns and resides at 4111 Brush Creek Rd, Colorado Springs, CO 80916. As a result of Johnie Bartlett's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Johnie Bartlett has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

202. Plaintiff Malachy Cortez currently resides at 4111 London Lane, Colorado Springs, CO 80916. As a result of Malachy Cortez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Malachy Cortez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

203. Plaintiff Dottie Cortez currently resides at 4111 London Lane, Colorado Springs, CO 80916. As a result of Dottie Cortez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Dottie Cortez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

204. Plaintiff Debbie Cortez currently resides at 4111 London Lane, Colorado Springs, CO 80916. As a result of Debbie Cortez's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Debbie Cortez has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

205. Plaintiff Larry Fruge currently owns and resides at 4127 Brush Creek Dr, Colorado Springs, CO 80916. As a result of Larry Fruge's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Larry Fruge has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

206. Plaintiff Maria Fruge currently owns and resides at 4127 Brush Creek Rd, Colorado Springs, CO 80916. As a result of Maria Fruge's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Maria Fruge has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

207. Plaintiff Tocarra Laster currently resides at 413 Kiva, Security, CO 80911. As a result of Tocarra Laster's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the

drinking water supply, Tocarra Laster has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

208.     Plaintiff Shelbie Norwood currently resides at 4135 Blue Stallion Drive, Peyton, CO 80831. Shelbie Norwood lived at 5075 Harrington Drive, Colorado Springs, CO 80911 for all times relevant herein.  As a result of Shelbie Norwood's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shelbie Norwood has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

209.     Plaintiff Julie Norwood currently resides at 4135 Blue Stallion Drive, Peyton, CO 80831. Julie Norwood lived at 5075 Harrington Drive, Colorado Springs, CO 80911 for all times relevant herein. As a result of Julie Norwood's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Julie Norwood has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems and Pregancy Problems.

210.     Plaintiff Pamela Bishop currently owns and resides at 4135 Greens Dr, Colorado Springs, CO 80922. As a result of Pamela Bishop's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Pamela Bishop has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

211.     Plaintiff Alvin Hancock currently owns and resides at 4135 Pele Ct, Colorado Springs, CO 80911. As a result of Alvin Hancock's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Alvin Hancock has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

212.     Plaintiff June Miller currently owns and resides at 4150 Gleneagle Ct, Colorado Springs, CO 80909. As a result of June Miller's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, June Miller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

213.     Plaintiff Sandy Tramaglino currently resides at 416 West Platte Ave, Colorado Springs, CO 80905. As a result of Sandy Tramaglino's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Sandy Tramaglino has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

214.     Plaintiff Jim Montoya currently owns and resides at 416 West Platte Ave, Colorado Springs, CO 80905. As a result of Jim Montoya's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jim Montoya has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

215.     Plaintiff Ariel Boyd currently resides at 4165 Sanders View # 208, Colorado Springs, CO 80916. As a result of Ariel Boyd's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ariel Boyd has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

216.     Plaintiff Larry Thirsk currently owns and resides at 417 Rose Drive, Colorado Springs, CO 80911. As a result of Larry Thirsk's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Larry Thirsk has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

217.     Plaintiff Ryan Kile currently owns and resides at 4178 Notch Trail, Colorado Springs, CO 80924. As a result of Ryan Kile's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Ryan Kile has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems; High Cholesterol.

218. Plaintiff Chris Miller currently resides at 4180 Kincannon Rd, Colorado Springs, CO 80916. As a result of Chris Miller's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Chris Miller has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

219. Plaintiff Michelle Cook currently owns and resides at 42 Tecumsch Lane, Woodland Park, CO 80863. As a result of Michelle Cook's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Michelle Cook has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

220. Plaintiff James Cook resided at 42 Tecumseh Lane, Woodland Park, CO 80863 for all times relevant herein. As a result of James Cook's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, James Cook has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

221. Plaintiff Mickey Paone currently owns and resides at 420 Aspen Dr, Colorado Springs, CO 80911. As a result of Mickey Paone's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Mickey Paone has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

222. Plaintiff Angela Penn currently owns and resides at 4211 Dooley Way, Colorado Springs, CO 80911. As a result of Angela Penn's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Angela Penn has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

223. Plaintiff Chelsy Cole currently resides at 422 Hackberry Drive, Colorado Springs, CO 80911-. As a result of Chelsy Cole's exposure to elevated levels of PFOA, PFOS, and/or

PFCs in the drinking water supply, Chelsy Cole has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Thyroid Problems.

224. Plaintiff William Ramsey currently owns and resides at 4223 Sandberg Dr., Colorado Springs, CO 80911. As a result of William Ramsey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, William Ramsey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

225. Plaintiff Gloria Ramsey currently owns and resides at 4223 Sandberg Drive, Colorado Springs, CO 80911. As a result of Gloria Ramsey's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Gloria Ramsey has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

226. Plaintiff Shalice Steffy, individually and as parent and natural guardian of A.Y., currently owns and resides at 4225 Pinal Lane, Colorado Springs, CO 80911 with minor child A.Y. As a result of their exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shalice Steffy and A.Y. have elevated levels of PFOA, PFOS, and/or PFCs in their blood, and has been diagnosed with Pregnancy Problems and High Cholesterol.

227. Plaintiff Shalice Steffy currently owns and resides at 4225 Pinal Lane, Colorado Springs, CO 80911. As a result of Shalice Steffy's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Shalice Steffy has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with Pregnancy Problems and High Cholesterol.

228. Plaintiff Kenneth Steffy currently owns and resides at 4225 Pinal Lane, Colorado Springs, CO 80911. As a result of Kenneth Steffy's exposure to elevated levels of PFOA, PFOS,

and/or PFCs in the drinking water supply, Kenneth Steffy has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood, and has been diagnosed with High Cholesterol.

229. Plaintiff Leon Clark currently owns and resides at 4228 Sandberg Drive, Colorado Springs, CO 80911. As a result of Leon Clark's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Leon Clark has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

230. Plaintiff Jennifer Clark currently owns and resides at 4228 Sandburg Drive, Colorado Springs, CO 80911. As a result of Jennifer Clark's exposure to elevated levels of PFOA, PFOS, and/or PFCs in the drinking water supply, Jennifer Clark has elevated levels of PFOA, PFOS, and/or PFCs in plaintiff's blood.

## Defendants

231. When reference is made in this Complaint to any act or omission of any of the Defendants, it shall be deemed that the officers, directors, agents, employees, or representatives of the Defendants committed or authorized such act or omission, or failed to adequately supervise or properly control or direct their employees while engaged in the management, direction, operation, or control of the affairs of Defendants, and did so while acting within the scope of their duties, employment or agency.

232. The term "Defendant" or "Defendants" refers to all Defendants named herein jointly and severally.

233. Upon information and belief, each of the Defendants are responsible, negligently, intentionally, and/or in some actionable manner, for the events and happenings referred to herein, and caused and continue to cause injuries and damages legally thereby to Plaintiffs, as alleged, either through each Defendant's own conduct or through the conduct of their agents, servants, or

employees, or due to the ownership, maintenance, or control of the instrumentality causing them injury, or in some other actionable manner.

234. Defendant THE 3M COMPANY ("3M") is, upon information and belief, an American multinational corporation based in Maplewood, Minnesota and incorporated in Delaware. 3M was founded in 1902 as the Minnesota Mining and Manufacturing Company. With approximately $30 billion in annual net sales, 3M employs approximately 90,000 people, operates in approximately 70 countries, and produces more than 55,000 products. 3M does business throughout the United States, including in the state of Colorado.

235. 3M designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations.

236. 3M is engaged in substantial and not isolated activity in this State; all as more fully alleged herein.

237. Defendant TYCO FIRE PRODUCTS L.P., successor in interest to THE ANSUL COMPANY ("TYCO"), is a Delaware corporation having a principal place of business at One Stanton Street, Marinette, Wisconsin 54143. TYCO manufactured and currently manufactures the ANSUL brand of products, including ANSUL brand AFFF.

238. Defendant TYCO was incorporated as a limited partnership on December 15, 2000. The name and mailing address of the sole general partner is Fire Products GP Holding, Inc. Fire Products GP Holding, Inc., is a New Jersey corporation having its principal place of business at 9 Roszel Road, Princeton, NJ 08540.

239. Upon information and belief, Defendant TYCO is the successor in interest to the corporation formerly known as THE ANSUL COMPANY ("ANSUL"). This Complaint shall collectively refer to ANSUL and/or TYCO as the successor in interest to ANSUL as

"TYCO/ANSUL." At all times relevant, TYCO/ANSUL designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations.

240.     Defendant BUCKEYE FIRE EQUIPMENT COMPANY ("BUCKEYE") is an Ohio corporation with its principal place of business at 110 Kings Road, Mountain, North Carolina 28086.

241.     At all times relevant to the present litigation, BUCKEYE designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

242.     Defendant CHEMGUARD is a Texas corporation having its principal place of business at One Stanton Street, Marinette, Wisconsin 54143.

243.     At all times relevant to the present litigation, CHEMGUARD designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

244.     Defendant NATIONAL FOAM, INC. ("NATIONAL FOAM") is a Delaware corporation having a principal place of business at 350 East Union Street, West Chester, Pennsylvania 19382. At all times relevant, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

245.     Defendant KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., is a Pennsylvania corporation having a principal place of business at One Carrie Place, Farmington, Connecticut. At all times relevant, KIDDE FIRE FIGHTING, INC. designed, manufactured and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

246.     KIDDE FIRE FIGHTING, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

247.     KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., is a Massachusetts corporation having a principal place of business at One Carrier Place, Farmington, Connecticut 06302. At all times relevant, KIDDE PLC, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

248.     KIDDE PLC, INC., is sued individually, as a successor in interest to NATIONAL FOAM, INC.

249.     Upon information and belief, WILLIAMS HOLDINGS, INC. was incorporated on October 10, 1987, and later dissolved on December 31, 1990. Upon information and belief, John F. Hannon was the CEO and Secretary of WILLIAMS HOLDINGS, INC. At all times relevant, WILLIAMS HOLDINGS, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

250.     Upon information and belief, WILLIAMS CORPORATION was founded in 1997, and dissolved on October 26, 2000. Upon information and belief, John F. Hannon was the CEO of Williams Corporation, as well as the Treasurer of KIDDE FIRE FIGHTING, INC. prior to the dissolution of Williams Corporation.

251.     Upon information and belief, WILLIAMS HOLDINGS, INC., a Delaware corporation, filed as a foreign corporation with the Massachusetts Secretary of State on June 2, 1987.

252.     Upon information and belief, John F. Hannon changed the name of WILLIAMS HOLDINGS, INC. to WILLIAMS HOLDINGS US, INC., on February 12, 1998.

253.    Upon information and belief, WILLIAMS HOLDINGS US, INC. became KIDDE PLC, INC. on November 15, 2000.

254.    WILLIAMS HOLDINGS, INC. is named as successor in interest to NATIONAL FOAM, INC.

255.    KIDDE-FENWAL, INC. is a Massachusetts corporation with its principal place of business at 400 Main Street, Ashland, Massachusetts 01721. At all times relevant, KIDDE-FENWAL, INC. designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

256.    Upon information and belief, Fenwal, Inc. was incorporated on June 21, 1988, and later changed its name to KIDDE-FENWAL, INC.

257.    Upon information and belief, the Canadian Intellectual Property Office has registered the NATIONAL FOAM trademark to KIDDE-FENWAL, INC., formerly registered to KIDDE FIRE FIGHTING, INC.

258.    KIDDE-FENWAL, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

259.    UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC., is a North Carolina corporation with its principal place of business at 3211 Progress Drive, Lincolnton, North Carolina 28092. At all times relevant, UTC FIRE & SECURITY AMERICAS CORPORATION, INC. designed, manufactured and sold AFFF used for training operations and fighting fires including at PAFB.

260.    Upon information and belief, KIDDE-FENWAL, INC. is part of the UTC CLIMATE CONTROL & SECURITY unit of United Technologies Corporation.

261. UTC FIRE & SECURITY AMERICAS CORPORATION, INC., is sued individually, and as successor in interest to NATIONAL FOAM, INC.

262. NATIONAL FOAM, INC.; KIDDE FIRE FIGHTING, INC., f/k/a CHUBB NATIONAL FOAM, INC., f/k/a NATIONAL FOAM INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE PLC, INC., f/k/a WILLIAMS US INC., f/k/a WILLIAMS HOLDINGS, INC., individually and as successor in interest to NATIONAL FOAM, INC.; KIDDE-FENWAL, INC., individually and as successor in interest to NATIONAL FOAM, INC.; UTC FIRE & SECURITY AMERICAS CORPORATION, INC., f/k/a GE INTERLOGIX, INC.; shall collectively be referred to herein as "NATIONAL FOAM."

263. At all times relevant to the present litigation, NATIONAL FOAM designed, manufactured, and sold AFFF used in training operations and for emergency fire-fighting situations including at PAFB.

## FACTUAL ALLEGATIONS AS TO ALL COUNTS

264. AFFF is a Class-B fire-fighting foam that is mixed with water and used to extinguish fires that are difficult to fight, including those involving hydrocarbon fuels such as petroleum or other flammable liquids.

265. AFFF is synthetically formed by combining fluorine free hydrocarbon foaming agents with surfactants. When mixed with water, the resulting solution produces an aqueous film that spreads across the surface of hydrocarbon fuel. This film provides fire extinguishment and is the source of the designation "aqueous film forming foam."

266. AFFF has the presence of fluorinated surfactants that lower the water's surface tension, essentially smothering the fire and starving it of its oxygen.

267.    Some fluorinated surfactants have unique properties that cause some of the compounds to persist in the environment and toxically bioaccumulate in animals and humans.

268.    AFFF was introduced commercially in the mid-1960s and rapidly became the primary fire-fighting foam in the United States and in many parts of the world.

269.    Defendants 3M, TYCO/ANSUL, NATIONAL FOAM, CHEMGUARD and BUCKEYE designed, manufactured, and sold AFFF that was used at the PAFB.

270.    The United States Navy first used AFFF in 1963, with the USAF commencing its use of AFFF in 1970.

271.    In the foam industry, concentrates are typically referred to as "3%" or "6%" concentrate, depending on the mixture rate with water. AFFF concentrates contain about 60-90% water and have a fluorine content of about 0.3-1.8%.

272.    The USAF uses 3% AFFF for its installations.

273.    Fluorosurfactants used in 3M's AFFF were produced by a unique and patented process known as electrochemical fluorination ("ECF"). The ECF process resulted in a product that contains PFOS, some of which degrades into PFOA.

274.    3M was the only company to manufacture PFOS-containing AFFF.

275.    In an attempt to limit liability, 3M opted to stop producing PFOS in 2002 because it was aware of the widespread contamination and the health effects on the American public associated with exposure to the contamination.

276.    Like PFOS, PFOA is a man-made, manufactured chemical not found in nature. PFOA was used to make household and commercial products that resist heat and chemical reactions, and can be used to repel oil, stains, grease, and water.

277.    In 1947, 3M began producing PFOA via ECF.

278.     In 1951, 3M began selling its PFOA to other chemical companies, including DuPont.

279.     Other companies, including Defendants TYCO/ANSUL, BUCKEYE, NATIONAL FOAM, and CHEMGUARD, began manufacturing AFFF using PFOA that they produced themselves or purchased from other companies. Defendants then sold AFFF to the USAF for use at installations across the nation, including PAFB.

280.     The chemical structure of PFOA and PFOS make them resistant to breakdown or environmental degradation. As a result, they are persistent when released into the environment.

281.     PFOA and PFOS have been found to bioaccumulate in humans and animals. In 2005, the United States Department of Health and Human Services found that "human exposure to PFOA and PFOS lead to the buildup of these chemicals in the body."

282.     By the early 1960s, 3M knew that PFOS and PFOA were stable, persistent in the environment, and did not degrade.

283.     As a result of this persistence, PFOA can remain in the environment, particularly in water, for many years and can move through air, soil, and into groundwater.

284.     Early studies showed that PFCs accumulated in the human body and were toxic.

285.     3M studies from the 1970s concluded that PFCs were "even more toxic" than previously believed.

286.     3M knew that PFOA is readily absorbed after consumption or inhalation, and it accumulates primarily in the blood stream, kidney, and liver.

287.     Upon information and belief, by the 1970s, 3M knew that PFOA and PFOS were widely present in the blood of the general U.S. population. Upon information and belief, 3M

54

concealed this knowledge from the public and government regulators, including those officials responsible for buying and supplying PAFB with AFFF.

288. In or about 1977, TYCO/ANSUL was also aware of the environmental and toxic effects of AFFF and studied whether it could develop an AFFF that produced less of an environmental impact.

289. Because of PFOA's toxicity, eight major PFOA manufacturers agreed in 2006 to participate in the USEPA's PFOA Stewardship Program. The participating companies made voluntary commitments to reduce product content and facility emissions of PFOA and related chemicals by 95% no later than 2010.

290. Human studies show associations between increased PFOA levels in blood and an increased risk of developing numerous serious medical conditions, including high cholesterol levels, changes in thyroid hormone, ulcerative colitis (autoimmune disease), pre-eclampsia (a complication of pregnancy that includes high blood pressure), and kidney and testicular cancer.

291. These injuries can arise months or years after exposure to PFOA.

292. As alleged herein, the adverse health effects observed following exposure to PFOS are the same as those observed with PFOA, meaning injuries associated with PFOS exposure and accumulation similarly manifest themselves months or years after the initial exposure.

293. Given the extreme persistence of PFOS and PFOA in the environment, these chemicals' toxicity, mobility, and bioaccumulation potential has created an ongoing and concrete threat to the health of the residents in the Communities.

**AFFF Usage at Peterson Air Force Base and the Colorado Springs Municipal Airport.**

294. Upon information and belief, Defendants each manufactured AFFF containing PFCs for sale to the DOD or the USAF with knowledge that AFFF would be used in training operations and for emergency fire-fighting situations.

295. Upon information and belief, Defendants' AFFF products were sold to and used at PAFB.

296. At any given time, the Defendants were responsible for the design, manufacture, and sale of thousands of gallons of AFFF concentrate used and stored at PAFB.

297. The AFFF was expected to and did reach PAFB without substantial change in the condition in which the Defendants sold it.

298. For decades, USAF personnel used AFFF designed, manufactured, and sold by each of the Defendants for training operations at the PAFB, including fire-fighting and explosion training.

299. Due to these training operations, AFFF was released into the surrounding air, soil, and groundwater at locations including but not limited to the current fire training area ("FTA") (1991 to date), the former FTA known as Site 5 (1960 through 1977), and the former FTA known as Site 8 (1977 to 1991).

300. AFFF was additionally introduced into the groundwater via aircraft hangers containing fire suppression systems that used AFFF. During function testing or false alarms, AFFF was permitted to enter the air, soil, and groundwater, further contaminating Plaintiffs' drinking water.

301. At PAFB, two fire stations conduct spray testing with AFFF, releasing AFFF into the soil, air, and groundwater.

302.    In November 2016, the U.S. Army Corps of Engineers published "Revised Final Preliminary Assessment Report for Perfluorinated Compounds at Peterson Air Force Base," a report that confirmed the use of AFFF at PAFB and identified fire training areas at PAFB as possible sources of PFC contamination of the Communities' groundwater supply.

303.    As a direct and proximate result of the failure to warn the USAF, PAFB, or the surrounding Communities, including those most sensitive to contamination, AFFF and its constituents were permitted to enter the air, soil, and groundwater, ultimately entering the Plaintiffs' bodies and properties.

304.    Upon information and belief, instructions, warning labels, and material safety data sheets that Defendants provided with the AFFF did not reasonably nor adequately describe the health and environmental hazards of AFFF that Defendants knew or should have known.

**AFFF Containing PFOA and PFOS is Fungible and Commingled in the Groundwater**

305.    Once AFFF containing PFOA and PFOS has been released into the environment, it lacks characteristics that would otherwise enable the identification of the company that manufactured that particular batch of AFFF.

306.    Decades of manufacturing, selling, and distributing AFFF has created complex and opaque arrangements whereby Defendants regularly contract with multiple entities, including the DOD, the USAF, specific installations, and/or third-party logistic intermediaries, to sell and deliver AFFF to bases throughout the country, including to PAFB.

307.    A subsurface plume, even if it comes from a single location, such as a retention pond or fire training area, originates from mixed batches of AFFF coming from different manufacturers.

308. At PAFB, AFFF from different manufacturers was used at multiple training sites over the course of many years, rendering it impossible for investigators to identify with any certainty the exact AFFF product that produced the PFOA or PFOS at issue.

309. Even if investigators could track the source of a subsurface plume to a single location at PAFB, it would be impossible to identify how an individual Defendants' AFFF contributed to the contamination because of how AFFF was used, stored, and disposed of at those locations.

310. The case at PAFB is typical of PFOA and PFOS contamination cases generally: even though several areas were located at PAFB where the AFFF was used and entered the groundwater, neither the federal or state investigators could determine which manufacturers' AFFF containing PFOA and PFOS had contributed to the resulting groundwater contamination plume.

311. PFOA and PFOS are present in all Defendants' AFFF products.

312. Because precise identification of the manufacturer of the specific AFFF that was the source of PFOA and PFOS found in a Plaintiff's blood and groundwater is impossible, and the market for AFFF is ascertainable, Plaintiffs must pursue all Defendants, jointly and severally, for those indivisible injuries which Defendants have collectively visited upon Plaintiffs.

313. Defendants are also jointly and severally liable because they conspired to conceal the true toxic nature of PFOA and PFOS, to profit from the use of AFFF containing PFOA and PFOS, at Plaintiffs' expense, to contaminate Plaintiffs' drinking water supply, and to attempt to avoid liability for such contamination of the groundwater and poisoning of the Plaintiffs.

## MARKET SHARE LIABILITY, ALTERNATIVE LIABILITY, CONCERT OF ACTION, ENTERPRISE LIABILITY

314. Upon information and belief, Defendants in this action are manufacturers that control a substantial share of the market for AFFF containing PFOA and PFOS in the United States and are jointly responsible for the contamination of the groundwater in the Communities and for causing the damages and injuries complained of in this Complaint.

315. Each of these Defendants participated in a state-wide and national market for AFFF containing PFOA and/or PFOS during the relevant time.

316. Market share liability attaches to all Defendants and the liability of each should be assigned according to each Defendant's percentage share of the market for AFFF-containing PFOA and/or PFOS at issue in this Complaint. As alleged in paragraphs 155-163, PFOA and PFOS is fungible; it is impossible to identify the exact Defendant who manufactured the particular AFFF containing PFOA and/or PFOS that has contaminated the air, soil or groundwater.

317. The relevant product and geographic market can be defined in this instance because the market for AFFF consists of only one buyer, PAFB via the USAF, who used this product for only one purpose, to fight fires.

318. The market for AFFF is ascertainable through standard discovery means.

319. It would be unfair to require Plaintiffs to bear the entire cost of their injuries simply because it is inherently impossible for the Plaintiffs to identify the exact Defendant that has manufactured the product that has contaminated the water supply and gives rise the injuries complained of in this action.

320. Alternatively, as a result of Defendants' participation in the fire-fighting foam industry through the production, sale, and distribution of AFFF containing PFOA and PFOS,

enterprise liability attaches to all of the named Defendants for casting defective products into the stream of commerce.

## CONSPIRACY

321.     Defendants actually knew of the health and environmental hazards which PFOA and PFOS posed to Plaintiffs.

322.     Beginning in the 1970s and continuing through the date of this Complaint, Defendants formed joint task forces, committees and otherwise colluded for the avowed purpose of providing information about AFFF-containing PFOA and/or PFOS to the public and to government agencies with the unlawful purpose of:

a.      Creating a market for AFFF-containing PFOA and/or PFOS despite knowledge of the hazards which PFOA and PFOS posed to the groundwater in Colorado and the residents who depend on such water;

b.      Concealing the environmental properties and toxic nature of PFOA and PFOS, and its impact on Plaintiffs and the environment; and

c.      Maximizing profits in a way Defendants knew or should have known would result in the contamination of Plaintiffs' drinking water.

323.     Defendants carried out their conspiracy by one or more of the following overt acts or omissions:

a.      Intentionally representing to the DOD, USAF, USEPA and the public that AFFF containing PFOA and PFOS was safe and did not pose an environmental or human health risk;

b.      Concealing the dangers of PFOA and PFOS (including toxicological information on the dangers of the chemicals to living organisms, adverse fate

and transport characteristics, and the propensity of PFOA and PFOS to contaminate groundwater) from the government and the public by, among other means, repeatedly requesting that information about the dangers and health effects of PFOA and PFOS be suppressed and not otherwise published, and by downplaying any adverse findings relating to PFOA and PFOS;

c. Concealing the dangers of AFFF containing PFOA and PFOS from end users, sensitive receptors, public water suppliers, and the users and consumers of groundwater;

d. Using their considerable resources to fight PFOA and PFOS regulation; and

e. Collectively deciding to use PFOA and/or PFOS rather than other, safer surfactants because AFFF-containing PFOA and/or PFOS were the most profitable surfactant for Defendants to use.

324. As a direct and proximate result of the Defendants' above described conspiracy, PFOA and PFOS, at all times relevant to this litigation has:

a. Posed and continues to pose a health threat to Plaintiffs because it has bioaccumulated in their bodies;

b. Contaminated Plaintiffs' property, soil, and groundwater, for those with private water wells;

c. Created the need for remediation of PFOA- and PFOS- contaminated groundwater for those property owners who utilize private water wells, or, where remediation of the groundwater is impractical, installation of a system to filter out PFOA and PFOS or procurement of water from alternative sources; and

## CAUSES OF ACTION FOR INDIVIDUAL CLAIMS
## AS AND FOR A FIRST CAUSE OF ACTION: NEGLIGENCE

325.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

326.     This cause of action is brought pursuant to Colorado law.

327.     Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health.

328.     Given that Defendants were aware of these chemicals' potential for bioaccumulation in humans as well as the links to numerous serious medical conditions, including cancer, Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would be hazardous to human health.

329.     Defendants knew or should have known that PFCs are highly soluble in water, highly mobile, extremely persistent in the environment, and therefore high likely to contaminate water supplies if released into the environment.

330.     Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination of the municipal and private well drinking water supplies of the Communities given their proximity to PAFB.

331.     Defendants marketed and sold their products with knowledge that AFFF containing PFCs would be used in training exercises and in emergency fire-fighting situations, including at PAFB, in such a manner that these dangerous chemicals would be released into the environment.

332.     Defendants marketed and sold their products with knowledge that AFFF containing toxic PFCs would be stored in fire suppressant systems and tanks on USAF Bases and at airports, including PAFB, and that such systems and storage were used and maintained in such a manner that dangerous chemicals would be released into the environment.

333.     Knowing of the dangerous and hazardous properties of AFFF, and the manner in which AFFF would be used, stored, and maintained at PAFB, it was foreseeable that AFFF would contaminate the surrounding environment, groundwater, and drinking water supplies of Fountain, Security, and Widefield, as a result of the Communities' proximity to PAFB.

334.     Defendants therefore knew or should have known that safety precautions would be required to prevent the release of PFOA and PFOS into the surrounding groundwater and drinking water supplies.

335.     Given the foreseeability of AFFF's release into the surrounding Communities' drinking water, Defendants should have acted reasonably by not placing inherently dangerous AFFF into the marketplace.

336.     Though AFFF is effective at extinguishing otherwise difficult to fight fires, the potential for widespread and persistent contamination of municipal and private well water supplies with chemicals linked to the development of numerous serious medical conditions far outweighs any social utility gained from AFFF's fire-fighting ability.

337.     The magnitude of the burden on the Defendants to guard against this foreseeable harm to Plaintiffs was minimal, as the practical consequences of placing this burden on the Defendants amounted to providing adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

338. As manufacturers, Defendants were in the best position to provide adequate instructions, proper labeling, and sufficient warnings about their AFFF products.

339. Considering the factors related to risk, foreseeability, social utility, the burden of guarding against the harm, and the practical consequences of placing that burden on the Defendants, the Defendants therefore owed multiple cognizable duties to Plaintiffs.

340. Defendants had a duty not to contaminate the Plaintiffs' municipal and private well drinking water supplies, as well as the surrounding environment and groundwater, with AFFF containing PFCs.

341. Defendants had a duty to warn of the hazards associated with AFFF containing PFCs entering and poisoning the environment and groundwater.

342. As manufacturers, marketers, and sellers of AFFF, Defendants owed Plaintiffs a duty to exercise reasonable care and ensure that AFFF was manufactured, marketed, and sold in such a way that the end users of AFFF were aware of the potential harm PFOA and PFOS could cause to human health and the environment.

343. Upon learning of the release of the contaminants, Defendants owed Plaintiffs a duty to warn and notify Plaintiffs of the release of the contaminants before they injured Plaintiffs and their property and/or to act reasonably to minimize the damage to Plaintiffs and their property.

344. As such, the Defendants, acting negligently, recklessly, willfully, wantonly, and/or intentionally, breached their legal duties to Plaintiffs, causing the contamination of the municipal and private well drinking water supplies in and around the residences of Plaintiffs.

345. Defendants breached their duty to warn and notify end users of AFFF about the danger that PFOA and PFOS could enter into the environment and groundwater.

346.     Defendants breached their duty to warn by failing to notify Plaintiffs in a timely manner that PFOA and PFOS had contaminated the municipal and private well drinking water supplies.

347.     Defendants breached their duty not to contaminate the Plaintiffs' drinking water supplies by allowing PFOA and PFOS to be released into the municipal and private well drinking water supplies of Fountain, Security, and Widefield.

348.     Defendants breached their duties to act reasonably by failing to take reasonable, adequate, and sufficient steps or actions to eliminate, correct, or remedy any contamination after it occurred.

349.     Defendants' breaches of their duties were direct and proximate causes of the drinking water in both the municipal and private well supplies to become contaminated with unsafe and dangerous levels of PFOA and PFOS.

350.     Defendants' breaches of their duties were direct and proximate causes of the injuries, damages, and harm the Plaintiffs have suffered to their health and property.

351.     Defendants' breach of their duty to act reasonably and timely notify and warn the Communities of the presence of PFOA and PFOS in the groundwater directly and proximately prevented Plaintiffs from undertaking effective and immediate remedial measures.

352.

353.     Plaintiffs have expended and/or will be required to expend significant financial resources to remediate the effects of Defendants' conduct on their homes and property for many years.

354.     Plaintiffs suffered foreseeable injuries and damages as a proximate result of Defendants' breach of their duties as set forth above. At the time Defendants breached their

duties to Plaintiffs, Defendants' acts and/or failures to act posed recognizable and foreseeable possibilities of danger to Plaintiffs so apparent as to entitle them to be protected against such actions or inactions.

355. Accordingly, Plaintiffs seek damages from Defendants, in an amount to be determined at trial, directly resulting from injuries to their persons and property, in a sufficient amount to compensate them for the injuries and losses sustained and to restore Plaintiffs to their original position, including but not limited to the cost of repair or restoration, the value of the use of the continuous trespass, injuries to persons, and actual, consequential, and nominal damages, flowing from the negligence that are the natural and proximate result of Defendants conduct in an amount to be proved at trial.

## AS AND FOR A SECOND CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – FAILURE TO WARN

356. Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

357. This cause of action is brought pursuant to Colorado law.

358. As commercial manufacturers, sellers, and distributors of AFFF, Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to human health and the environment.

359. Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs was hazardous to human health and the environment.

360. Defendants knew or should have known that the manner in which they were manufacturing, marketing, and selling AFFF containing PFCs would result in the contamination

of the Communities' municipal and private well water supplies as a result of the Communities' proximity to PAFB.

361.    AFFF's persistence, mobility, bioaccumulative potential, and PFOA's and PFOS' links to numerous serious medical conditions, are not open and obvious conditions.

362.    Though Defendants knew or should have known about the seriousness of the consequences of failing to warn about the inherent dangers associated with AFFF containing PFOA and PFOS, Defendants failed to warn PAFB of the dangers inherent in the use of the product.

363.    Though Defendants knew or should have known about the reasonably foreseeable hazards to human health and welfare associated with the use of AFFF containing PFOA and PFOS in the vicinity of Plaintiffs' drinking water supplies, including contamination of public drinking water and private wells with PFOA and PFOS, Defendants failed to provide adequate warnings of, or take any precautionary measures to mitigate, those hazards.

364.    Defendants failed to provide sufficient warning that the use and storage of Defendants' product would cause the product to be released into the environment and cause the PFOA and PFOS contamination of the environment, groundwater, and drinking water.

365.    Adequate instructions and warnings on the AFFF products could have reduced or avoided these foreseeable risks of harm to Plaintiffs, and their properties.

366.    Had Defendants provided adequate warnings, Plaintiffs could have taken measures to avoid or lessen their exposure.

367.    Had Defendants provided adequate warnings, PAFB could have taken measures to reduce or prevent the release of PFOA and PFOS into the environment, groundwater, and drinking water.

368.     Defendants' failure to provide adequate and sufficient warnings for the AFFF that they manufactured, marketed, and sold renders the AFFF a defective product.

369.     Defendants' failure to warn was a direct and proximate cause of the environmental and health impacts from PFOA and PFOS that came from the use, storage and disposal of AFFF at PAFB.

370.     Defendants' failure to warn was the direct and proximate result of the contamination, leading to the need for and the cost of remediation of their properties and mitigation systems for those properties, and the cost of alterative water.

371.     As a result of the contamination, Plaintiffs have lost use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

372.     As a result of Defendants' conduct and the resulting contamination, Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has produced an increased level of PFOA and PFOS in their blood stream, leading to the bioaccumulation of PFOA and PFOS in their bodies and significantly increasing their risk of developing numerous serious medical conditions.

373.     As a result of Defendants manufacture, sale, or distribution of a defective product, Defendants are strictly liable in damages to Plaintiffs.

374.     Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## AS AND FOR A THIRD CAUSE OF ACTION: STRICT PRODUCTS LIABILITY – DEFECTIVE DESIGN

375.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

376. This cause of action is brought pursuant to Colorado law.

377. By virtue of manufacturing, marketing, and selling AFFF containing PFOA and PFOS, Defendants had a strict duty not to place an unreasonably dangerous product into the stream of commerce that would injure innocent bystanders in the Communities.

378. Defendants knew or should have known that exposure to PFOA and PFOS was hazardous to the environment and to human health when it, or products containing it, were used in their foreseeable and intended manner.

379. The chemical makeup of AFFF, PFOA, and PFOS underlying the product's hazardous characteristics involve the interpretation of technical, scientific information derived from research and testing.

380. Knowing of the dangerous and hazardous properties of AFFF due to research and testing, Defendants could have manufactured, marketed, and sold alternative designs or formulations of AFFF that did not contain PFOA or PFOS.

381. These alternative designs and/or formulations were already available, practical, and technologically feasible.

382. The use of these alternative designs would have reduced or prevented the reasonably foreseeable harm to persons and property resulting from Defendants' manufacture, marketing, and sale of AFFF containing PFOA or PFOS.

383. As manufacturers of AFFF, Defendants not only had the ability to alter the product in such a way that maintained the fire-fighting abilities of the product while eliminating its inherently unsafe character, but also were in the best position to do so.

384. AFFF's persistence, mobility, bioaccumulative potential, and PFOA and PFOS' links to numerous serious medical conditions, are not open and obvious conditions or part of general public knowledge of AFFF.

385. Therefore, even though AFFF is useful for fighting hard to fight fires, the inherent risks associated with its use far outweigh any fire-fighting benefits, thereby rendering AFFF unreasonably dangerous.

386. The manufacture, sale, and distribution of unreasonably dangerous AFFF renders the Defendants' product defective.

387. Defendants' defective design and formulation of AFFF is the direct and proximate cause of the environmental and health impacts from PFOA and PFOS.

388. As a result of Defendants' defective design and formulation of AFFF, the resulting contamination, Plaintiffs have suffered the need for and the cost of remediation of their properties and/or mitigation systems for those properties, and the cost of alterative water.

389. As a direct result of the contamination, Plaintiffs have lost the use and enjoyment of their properties and have suffered annoyance, discomfort, and inconvenience as a consequence of the contamination of their properties by Defendants.

390. As a direct result of Defendants' defective design and formulation of AFFF, the Plaintiffs have been injured in that their exposure to PFOA, PFOS, and potentially other toxic substances has caused them to develop numerous serious medical conditions associated with this exposure as more fully described herein and has significantly increased their risk of developing those conditions.

391. As a direct result of Defendants' design and formulation of a defective product, Defendants are strictly liable in damages to the Plaintiffs.

392.     Defendants' acts were willful, wanton, reckless and/or conducted with a reckless indifference to the rights of Plaintiffs.

## CLAIM FOR PUNITIVE DAMAGES

393.     Plaintiffs hereby repeat, reallege, and reiterate each and every allegation in the preceding paragraphs as if fully restated herein.

394.     Plaintiffs assert a claim for punitive damages under C.R.S. § 13-21-102.

395.     Upon information and belief, Defendants engaged in willful, wanton, malicious, and or/reckless conduct that was done without regard to the consequences or the safety of the Plaintiffs and caused the foregoing property damage, and injuries upon the persons and properties of Plaintiffs, disregarding their protected rights.

396.     Defendants' willful, wanton, malicious, and/or reckless conduct includes but is not limited to Defendants' failure to take all reasonable measures to ensure Plaintiffs in the Communities did not ingest PFOA and PFOS, which Defendants knew were linked to numerous serious medical conditions.

397.     Defendants have caused significant harm to Plaintiffs, including harm to the properties and water supplies of Plaintiffs and have demonstrated a conscious and outrageous disregard for their safety with implied malice, warranting the imposition of punitive damages.

## PRAYER FOR RELIEF

398.     WHEREFORE, the Plaintiffs demand judgment against Defendants, and each of them, jointly and severally, and request the following relief from the Court:

399.     a declaration that Defendants acted with negligence, gross negligence, and/or willful, wanton, and careless disregard for the health, safety, and property of Plaintiffs;

400.     an award to Plaintiffs of general, compensatory, exemplary, consequential, nominal, and punitive damages;

401.     an order for an award of attorneys' fees and costs, as provided by law;

402.     an award of pre-judgment and post-judgment interest as provided by law; and

403.     an order for all such other relief the Court deems just and proper.

## JURY DEMAND

404.     Plaintiffs demand a trial by jury of any and all issues in this matter so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: May 23, 2018                    Respectfully Submitted,

**NAPOLI SHKOLNIK, PLLC**

*/s/ Paul J. Napoli*
Paul J. Napoli
Tate J Kunkle
Hunter Shkolnik
Louise Caro
Patrick J Lanciotti
360 Lexington Avenue, Eleventh Floor
New York, NY 10017
Telephone: (212) 397-1000
E-mail: pnapoli@napolilaw.com
E-mail: hunter@napolilaw.com
E-mail: lcaro@napolilaw.com
E-mail: tkunkle@napolilaw.com
E-mail: planciotti@napolilaw.com

**MCDIVITT LAW FIRM**
Michael McDivitt
Kelly Hyman
19 East Cimarron Street
Colorado Springs, CO 80903

Telephone: (719) 471-3700
E-mail: mmcdivitt@mcdivittlaw.com
E-mail: kyman@mcdivittlaw.com